Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 SEP 18 AM 8: 05

CLERK OF COURT
BY

**IN THE SUPERIOR COURT OF GUAM**

THE PEOPLE OF GUAM,

    vs.

ANDREW MENDIOLA MUNA,

         **Defendant.**

)
)
)
)
)
)
)
)
)
)
)
)

**CRIMINAL CASE NO. CF0117-11**

**DECISION AND ORDER**

This matter came before the HONORABLE VERNON P. PEREZ on September 4, 2012. Attorney Raymond B. Ilagan appeared representing Defendant, who was present. Attorney Brian D. Gallagher appeared on behalf of the Government. Having reviewed the record, pleadings and the arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with two counts of third degree criminal sexual conduct as a second degree felony and two counts of felony child abuse. The motions currently pending before the Court are Defendant's two Motions to Dismiss and the Government's informal request to amend the Superseding Indictment. Defendant filed a Motion to Dismiss Charge One on March 31, 2011 but the April 1, 2011 Superseding Indictment made that motion moot and is no longer an issue before the Court. This Decision and Order will address all pending motions and issues before the Court.

# DISCUSSION

## I.     Motion to Dismiss

Defendant requests dismissal of Charge Two of the Superseding Indictment.  Defendant argues that the evidence before the grand jury does not support Charge Two of the indictment pursuant to 8 GCA §§ 65.15(b), 50.42 and 50.54(b).  Specifically, Defendant contends there was no evidence presented that Defendant subjected the alleged victim to serious bodily injury or likelihood of serious bodily injury. 9 GCA § 16.10(c) defines serious bodily injury as:

> means bodily injury which creates: serious permanent disfigurement; a substantial risk or death or serious, permanent disfigurement, severe or intense physical pain or protracted loss or impairment of consciousness or of the function of any bodily member or organ.

The Government does not oppose the motion.  Instead, the Government requests the Court for leave to amend the Superseding Indictment to change Charge Two to a misdemeanor, which will be discussed below.   The Court will grant dismissal of Charge Two because the Court agrees with Defendant that the facts brought before the Grand Jury do not support a charge of felony child abuse.   The Court also grants Defendant's Motion because the Government does not oppose Defendant's Motion to Dismiss Charge Two.  The Government agrees that the charge should have been filed as a misdemeanor.

The Court will not address Defendant's second Motion to Dismiss Charge Two as it is similar to the first motion which was also granted.

## II.     Request to Amend the Superseding Indictment

The Government asks that the Court allow for amendment to the Superseding Indictment in order to correct Charge Two.  Defendant opposes the informal request and argues that the

Government must bring a new indictment before a Grand Jury to add a new charge. The Government contends that as long as the proper facts were brought before the Grand Jury, there is no obligation under the law to bring a fresh indictment. The Defendant argues in rebuttal that the Government filed the informal Motion to Amend long after the motion cut-off date provided in the Scheduling Order filed by the Court and should not be allowed to amend the indictment.

The Court concludes that the Government's informal request to amend the Superseding Indictment is a motion. The Court denies the Government's Motion to Amend as it is untimely. The Court will not address the Government's options to bring a superseding indictment as that issue is not now before the Court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss and DENIES the Government's Motion to Amend the Superseding Indictment.

So **ORDERED** this 18th day of September, 2012.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the ORIGINAL on file in the Office of the Clerk of Court, Superior Court of Guam

DATED: SEP 1 8 2012

JERIME M. QUENAS
DEPUTY CLERK, Superior Court of Guam

_People v. Muna,_
Decision and Order
Criminal Case No. CF0117-11                    - Page 3 of 3 -